**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JOSHUA CHRISTOPHER, an individual, | ) ) ) |
| Plaintiff, | ) **Case No.:** ) |
| v. | ) **COMPLAINT FOR** ) **VIOLATIONS OF THE FAIR** ) **DEBT COLLECTION** |
| LAZEGA & JOHANSON LLC, a Georgia Limited Liability Company; and TRANSWORLD SYSTEMS INC, a California Corporation, | ) **PRACTICES ACT ("FDCPA")** ) ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendants. | ) ) |

## **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

COMES NOW Joshua Christopher, Plaintiff, and states the following complaint for violations of the Fair Debt Collection Practices Act, against LAZEGA & JOHANSON LLC and TRANSWORLD SYSTEMS INC:

### **Introduction**

1.

Plaintiff JOSHUA CHRISTOPHER, through his counsel, brings this action to challenge the acts of TRANSWORLD SYSTEMS INC and LAZEGA & JOHANSON LLC regarding their collective attempts to

unlawfully, maliciously, and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2.

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3.

Any and all violations by Defendants as alleged in this Complaint were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**Jurisdiction and Venue**

4.

This action arises out of Defendants' illegal and improper efforts to collect a consumer debt from the Plaintiff, and include multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA").  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337.

2

5.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendants transact business in the State of Georgia, the committed acts that form the basis for this suit occurred within the State of Georgia, and Defendant LAZEGA & JOHANSON LLC is a Georgia Limited Liability Company with a principal place of business within Georgia.

6.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District, Defendant's registered agents in Georgia are located within this District, and Defendant LAZEGA & JOHANSON LLC's principal place of business is within this District.

**PARTIES**

7.

Plaintiff JOSHUA CHRISTOPHER is a natural person who is a resident of Clarke County, Georgia.

8.

TRANSWORLD SYSTEMS INC ("TRANSWORLD") is a for-profit Corporation organized under the laws of the State of California and doing business in the State of Georgia, and in particular Clarke County.

9.

TRANSWORLD SYSTEMS INC has a registered agent named C T CORPORATION SYSTEM located at 1201 Peachtree Street, NE, Atlanta, GA, 30361, in Fulton County, Georgia, and what appears to be a principal place of business at 507 Prudential Road, Horsham, PA, 19044.

10.

LAZEGA & JOHANSON LLC ("LAZEGA") is a Limited Liability Company organized under the laws of the State of Georgia and does business within the State of Georgia, particularly within Gwinnett County, Georgia.

11.

LAZEGA & JOHANSON LLC has a registered agent named Jay S. Lazega who has a physical address for service at 3520 Piedmont Rd NE, Suite 415, Atlanta, GA, 30305, and a principal place of business at this same address.

12.

Defendant TRANSWORLD SYSTEMS INC is in the business of debt collection.

13.

Defendant TRANSWORLD SYSTEMS INC can be served through its registered agent, C T CORPORATION SYSTEM located at 1201 Peachtree Street, NE, Atlanta, GA, 30361, in Fulton County, Georgia, or by service on an officer or director of the company at its principal place of business located at 507 Prudential Road, Horsham, PA, 19044.

14.

Defendant LAZEGA & JOHANSON LLC is in the business of debt collection.

15.

Defendant LAZEGA & JOHANSON LLC may be served through its Georgia registered agent, Jay S. Lazega at 3520 Piedmont Rd NE, Suite 415, Atlanta, GA, 30305.  Defendant LAZEGA & JOHANSON LLC may also be served through an officer or director of the corporation, or one of its attorneys, at 3520 Piedmont Rd NE, Suite 415, Atlanta, GA, 30305.

## FACTUAL BACKGROUND

16.

Plaintiff JOSHUA CHRISTOPHER is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as he is a natural person who Defendants alleged was obligated to pay an alleged debt.

17.

Defendants have attempted to collect an alleged debt that is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as the subject of the transactions composing the alleged debt were for primarily personal, family, or household purposes.

18.

Defendants used instruments of interstate commerce in order to attempt to collect the alleged debt from Plaintiff, including the use of the United States Mail and the interstate telephone system.

19.

Defendant TRANSWORLD is a third-party collection agency that attempts to collect debts on behalf of an alleged trust called National Collegiate Student Loan Trust 2007-3.

20.

Defendant TRANSWORLD only becomes involved with the alleged debts owed to National Collegiate Student Loan Trust 2007-3 after those alleged accounts enter default and are then judged uncollectable by the servicer on the accounts, American Education Services ("AES").

21.

Defendant TRANSWORLD hired Defendant LAZEGA to act as legal counsel for Defendant TRANSWORLD in bringing lawsuits on debts allegedly owed to the trust National Collegiate Student Loan Trust 2007-3.

22.

Defendant LAZEGA, at the direction of Defendant TRANSWORLD, filed a lawsuit against Plaintiff JOSHUA CHRISTOPHER in Clarke County Magistrate Court on January 19, 2016 ("Small Claims Lawsuit").

23.

The lawsuit filed by Defendant LAZEGA at the direction and order of Defendant TRANSWORLD and against Plaintiff became National Collegiate Student Loan Trust 2007-3 v. Joshua Christopher, Case No. MC-01-CV-CV-16-0056, Clarke County Magistrate Court.

24.

The Small Claims Lawsuit was over a debt that went into default more than 6 years prior to the filing of the lawsuit.

25.

Upon information and belief, no one from Defendant LAZEGA spoke with the trustee or administrator of the trust prior to filing the Small Claims Lawsuit against Plaintiff.

26.

Defendant TRANSWORLD prepared the documentation and file for Defendant LAZEGA prior to Defendant LAZEGA filing the Small Claims Lawsuit against Plaintiff.

27.

Defendant LAZEGA did not engage in any meaningful review of the file prior to filing the Small Claims Lawsuit against Plaintiff.

28.

Defendant LAZEGA did not review bankruptcy records in the Northern District of Georgia prior to filing the Small Claims Lawsuit against Plaintiff.

29.

Defendant LAZEGA did not contact the original creditor of the alleged student loan upon which the Small Claims Lawsuit it filed against Plaintiff was allegedly based to determine the status of the loan or account.

30.

Defendant LAZEGA did not contact the servicer of this alleged student loan, American Education Services ("AES"), to determine the status of the loan of account prior to filing the Small Claims Lawsuit against Plaintiff.

31.

Defendant LAZEGA did not review the payment history on the alleged account to determine when the last payment on the alleged account was made prior to filing the Small Claims Lawsuit against Plaintiff.

32.

Defendant LAZEGA did not review the payment history on the alleged account to determine when this alleged debt went into default prior to filing the Small Claims Lawsuit against Plaintiff.

33.

Instead of performing any review on the alleged loan or account upon which it filed the Smalls Claims Lawsuit against Plaintiff, Defendant

LAZEGA instead solely relied upon the paperwork prepared by Defendant TRANSWORLD regarding this alleged defaulted loan.

34.

Defendant TRANSWORLD did not review bankruptcy records in the Northern District of Georgia prior to ordering Defendant LAZEGA to file the Small Claims Lawsuit against Plaintiff.

35.

Defendant TRANSWORLD did not contact the original creditor of the alleged student loan upon which the Small Claims Lawsuit it ordered Defendant LAZEGA to file against Plaintiff was allegedly based to determine the status of the loan or account.

36.

Defendant TRANSWORLD did not contact the servicer of this alleged student loan, American Education Services ("AES"), to determine the status of the loan of account prior to ordering Defendant LAZEGA to file the Small Claims Lawsuit against Plaintiff.

37.

Defendant TRANSWORLD did not review the payment history on the alleged account to determine when the last payment on the alleged

account was made prior to ordering Defendant LAZEGA to file the Small Claims Lawsuit against Plaintiff.

38.

At the time Defendants caused the lawsuit against Plaintiff to be filed, Plaintiff was in Chapter 13 bankruptcy protection.

39.

Plaintiff notified the original creditor for the alleged debt that he was in bankruptcy when he filed his bankruptcy petition.

40.

Plaintiff notified the servicer of this alleged student loan, American Education Services ("AES"), that he was in bankruptcy when he filed his petition.

41.

No entity entered an appearance on behalf of National Collegiate Student Loan Trust 2007-3 during the pendency of Plaintiff's Chapter 13 bankruptcy.

42.

No entity or law firm filed a proof of claim on behalf of National Collegiate Student Loan Trust 2007-3 for the alleged debt that was the basis of the Small Claims Lawsuit filed by Defendants against Plaintiff.

43.

No proof of claim was filed by any entity for the alleged debt that is the basis of the Small Claims Lawsuit filed by Defendants against Plaintiff.

44.

As a matter of law, the filing of the Small Claims Lawsuit by Defendants in violation of Plaintiff's Chapter 13 bankruptcy stay resulted in the lawsuit itself being void ab initio.

45.

Nevertheless, Defendant LAZEGA did not dismiss the Small Claims Lawsuit once it was notified that Plaintiff was in Chapter 13 bankruptcy.

46.

Defendant TRANSWORLD did not request that Defendant LAZEGA dismiss the Small Claims Lawsuit once it was notified, through its legal counsel Defendant LAZEGA, that Plaintiff was in Chapter 13 bankruptcy.

47.

Neither Defendant TRANSWORLD nor Defendant LAZEGA caused a proof of claim to be filed in Plaintiff's Chapter 13 bankruptcy after being notified Plaintiff was in Chapter 13 bankruptcy.

48.

Plaintiff's Chapter 13 bankruptcy was discharged in June of 2016.

49.

Out of an abundance of caution, and given that Defendants had not caused the Small Claims Lawsuit to be dismissed despite it being void ab initio and in violation of the Chapter 13 bankruptcy stay, Plaintiff retained legal counsel to represent him in the Small Claims Lawsuit.

50.

Plaintiff's legal counsel filed a motion to quash service and dismiss the Small Claims Lawsuit brought by Defendants on the grounds that the Small Claims Lawsuit violated the Chapter 13 bankruptcy stay, and was therefore void ab initio on June 28, 2016.

51.

Defendants still did not cause the Small Claims Lawsuit to be dismissed, despite the Small Claims Lawsuit being in violation of the bankruptcy stay and void ab initio.

52.

Instead, Defendant LAZEGA filed a Motion to Remove Stay dated July 26, 2016, seeking to have the bankruptcy stay placed by the Clarke County Magistrate Court administratively on the Small Claims Lawsuit's file removed.

53.

Defendants did not respond to Plaintiff's motion to quash service and dismiss the Small Claims Lawsuit for being void ab initio because it violated the bankruptcy stay.

54.

Defendant LAZEGA filed an Amended Motion to Remove Stay dated August 29, 2016, which included a copy of the discharge for Plaintiff's Chapter 13 bankruptcy.

55.

Defendants did not respond to Plaintiff's motion to quash service and dismiss the Small Claims Lawsuit for being void ab initio.

56.

Instead, Defendants intended to pursue the Small Claims Lawsuit that was void ab initio and filed in violation of Plaintiff's Chapter 13 stay up to a trial before the Clarke County Magistrate Court.

57.

Defendants did not cause the Small Claims Lawsuit to be dismissed until the day before the court hearing set for the Small Claims Lawsuit.

58.

Plaintiff incurred costs associated with obtaining legal counsel to have Defendants dismiss a case that should have never been filed, and that was void ab initio because it violated Plaintiff's Chapter 13 bankruptcy stay.

59.

Plaintiff suffered anxiety and stress related to the invalid and improper service of process, as well as the improper and invalid legal filings made by Defendants.

RESPONDEAT SUPERIOR

60.

The acts and omissions of Defendants' employees who acted as agents for Defendants as described herein, were committed within the time and space limits of their agency relationship with their respective principals, Defendants.

61.

The acts and omissions by Defendants' employees who acted as agents for Defendants were incidental to, or of the same general nature as the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

62.

By committing these acts and omissions against Plaintiff, Defendants' employees and agents were motivated to benefit their respective principals, Defendants.

63.

Defendants are therefore liable to Plaintiff through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their respective employees.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA by ALL DEFENDANTS)

64.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65.

Based on information and belief, Defendants TRANSWORLD SYSTEMS INC and LAZEGA & JOHANSON LLC have violated the Fair Debt Collection Practices Act ("FDCPA").

*Defendants' FDCPA Violations For Continuing To Prosecute A Lawsuit*

*That Was Void Ab Initio For Violating The Bankruptcy Stay*

66.

Defendants did not cause the Small Claims Lawsuit to be dismissed after being given ample notice that it had filed a lawsuit in violation of the automatic stay.

67.

Defendant LAZEGA, at the direction or otherwise with the consent and knowledge of Defendant TRANSWORLD, filed a Motion to Remove Stay on July 26, 2016, seeking to have the Clarke County Magistrate Court place the Small Claims Lawsuit off of its "bankruptcy stay" administrative docket and on to its hearing and trial docket.

68.

When this Motion to Remove Stay was denied, Defendant LAZEGA, at the direction of or with the knowledge and consent of Defendant TRANSWORLD, filed an Amended Motion to Remove Stay dated August 29, 2016.

69.

The Clarke County Magistrate Court did remove the Small Claims Lawsuit from the bankruptcy stay docket and placed it on a hearing calendar.

70.

Defendants did not cause the Small Claims Lawsuit to be dismissed until the day before the hearing scheduled by the Clarke County Magistrate Court.

71.

Defendants' filing of a Motion to Remove Stay violates the Fair Debt Collection Practices Act § 807(5), 15 U.S.C. § 1692e(5), by threatening to take a legal action that cannot be taken—to wit, continuing a lawsuit against Plaintiff that was void ab initio.

72.

Defendants' filing of an Amended Motion to Remove Stay violates the Fair Debt Collection Practices Act § 807(5), 15 U.S.C. § 1692e(5), by threatening to take a legal action that cannot be taken—to wit, continuing a lawsuit against Plaintiff that was void ab initio.

73.

Defendants' filing of a Motion to Remove Stay violates the Fair Debt Collection Practices Act § 807(10), 15 U.S.C. § 1692e(10), by using false representation and deceptive means to attempt to collect a debt—to wit, claiming to Plaintiff and the Clarke County Magistrate Court that it has the ability to continue to prosecute a lawsuit that was void ab initio.

74.

Defendants' filing of an Amended Motion to Remove Stay violates the Fair Debt Collection Practices Act § 807(10), 15 U.S.C. § 1692e(10), by using false representation and deceptive means to attempt to collect a debt—to wit, claiming to Plaintiff and the Clarke County Magistrate Court that it has the ability to continue to prosecute a lawsuit that was void ab initio.

75.

Defendants' filing of a Motion to Remove Stay violates the Fair Debt Collection Practices Act § 808, 15 U.S.C. § 1692f, because attempting to continue to prosecute a lawsuit void ab initio, causing Plaintiff to incur additional costs in defending against a void ab initio lawsuit, is an unfair or unconscionable means of attempting to collect a debt.

76.

Defendants' filing of an Amended Motion to Remove Stay violates the Fair Debt Collection Practices Act § 808, 15 U.S.C. § 1692f, because attempting to continue to prosecute a lawsuit void ab initio, causing Plaintiff to incur additional costs in defending against a void ab initio lawsuit, is an unfair or unconscionable means of attempting to collect a debt.

77.

Defendants' actions have caused Plaintiff to have to retain legal counsel to investigate and respond to Defendants improperly filed claims, have caused Plaintiff anxiety and stress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

78.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

*Defendants' FDCPA Violations For Prosecuting A Lawsuit*

*Against A Consumer After the Statute of Limitations Expires*

79.

Defendants filed a lawsuit after the applicable statute of limitations had expired on the underlying alleged debt.

80.

Defendants either knew, or should have known, that the statute of limitations on the underlying alleged debt had already expired, and either knowingly or intentionally filed a lawsuit on an alleged debt beyond the statute of limitations, or failed to have meaningful attorney involvement in the review of the matter file prior to the filing of the lawsuit.

81.

Defendants continued to prosecute a time-barred claim by filing motion to remove the stay the Clarke County Magistrate Court put on the matter.

82.

Prosecuting a time-barred claim is a violation of the FDCPA's prohibition against making false and misleading claims as to the legal status of a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

83.

Prosecuting a time-barred claim is also a violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. Fair Debt Collection Practices Act, 15 U.S.C. § 1962f.

84.

Defendants' actions have caused Plaintiff to have to retain legal counsel to investigate and respond to Defendants improperly filed claims, have caused Plaintiff anxiety and stress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

85.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## **JURY DEMAND**

86.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)     Find Defendants jointly and severally liable for violations of the Fair Debt Collection Practices Act.

(2)     Award Plaintiff the full $1,000 statutory damages for Defendants' FDCPA violations;

(3)     Award Plaintiff actual damages in an amount to be shown with more particularity at a later date;

(4)     Award Plaintiffs reasonable attorney's fees in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(5)     Award Plaintiff the reasonable costs of this action;

(6)     Award Plaintiff other expenses of litigation;

(7)     Grant Plaintiff such other and additional relief as the Court deems just and equitable.

Respectfully submitted this <u>15th</u> day of <u>FEBRURARY</u>, 2017.


<u>/s/ John William Nelson</u>
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.     404.348.4462
Fax.   404.549.6765



[CERTIFICATE OF COMPLIANCE ON FOLLOWING PAGE.]

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

**DATED:**   February 15, 2017

/s/ John William Nelson
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.   404.348.4462
Fax.  404.549.6765